MR. JUSTICE SHEA,
concurring:
I agree with the result of the majority opinion but not in all that is said. I further emphasize that the handling of the case of Fletcher v. DOR, supra, which case was being processed through the District Court almost simultaneously with this case, is hardly an example of even-handed treatment by the agency.
In Fletcher v. DOR, a Bozeman liquor license applicant was faced with virtually the same problem as exists in this case. However, on March 8, 1982, the District Court for the same First Judicial District (Judge Arnold Olsen presiding) held the regulation involved here to be invalid. The agency did not appeal from this ruling, the result being that the applicant received the liquor license.
In arguing this appeal, counsel for the agency acknowledged this inconsistency, but properly argued that he, as one of the attorneys, is not responsible for the agency’s decisions. Nonetheless, someone in that agency, in deciding not to appeal the Fletcher case, permitted a license to issue by the simple expedient of ordering that the agency not appeal from the District Court’s ruling. Yet, in this case, after obtaining a result 180 degrees from the decision in Fletcher, the agency argues that the applicant should not be permitted to apply for a license because of the proximity of his establishment to a church.
The agency surely didn’t think much of its regulation in the Fletcher case if it decided not to take an appeal. It is now more than a little inconsistent and more than a little unfair for the agency to argue here that the agency regulation should be given full force and effect. How can the agency claim to be effectively enforcing statutes and regulations under the police power of the State when it took such a diametrically opposed position in the Fletcher case?
*36 This Court and most courts have been most reluctant to apply equitable estoppel to a governmental agency, but perhaps the time has come to rigorously apply this doctrine. It may well be time for this Court to breathe more life into this doctrine by rigorously applying it to governmental agencies when grossly inequitable results may be the result of not applying it.
I would apply a form of collateral estoppel or waiver in this case. In the Fletcher case, the agency relied on 42.12.129 A.R.M., the same rule on which the District Court in this case relied on in refusing relief to the petitioner here. And now, of course, the agency relies on this rule in defending the appeal. I would not permit the agency to do so. Once the 60 days expired for the agency to take its appeal in the Fletcher case, the agency effectively acquiesced in a ruling that the rule was invalid.
The petitioner here had a right to hold the agency to its acquiescence in the Fletcher case that the rule was invalid. If invalid as to the Fletcher application, the rule was also invalid as to the license application in this case.